UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HAMILCAR BARCA, aka Bernard Jackson,

                Petitioner,

-against-

ROBERT KIRKPATRICK,
Superintendent, Wende Correctional Facility,

                Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-cv-2217 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Hamilcar Barca ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that prosecutors committed various Brady violations and that he is actually innocent of the crime of conviction. The court dismisses the petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

**I.    BACKGROUND**

In 1989, a Kings County jury convicted Petitioner of one count of second-degree murder. (Pet. (Docket Entry # 1) 1; Affidavit in Opposition to Petition (Docket Entry # 10) ("Resp. Aff.") ¶ 7.) In June 1989, the trial judge sentenced Petitioner to a prison term of 25 years to life. (Pet. 1; Resp. Aff. ¶ 8.) The Appellate Division affirmed Petitioner's conviction, and on May 28, 1992, the New York Court of Appeals denied Petitioner leave to appeal. See People v. Jackson, 181 A.D.2d 745 (2d Dept. 1992); People v. Jackson, 79 N.Y.2d 1050 (1992). Petitioner did not seek a writ of certiorari to the United States Supreme Court.

1

On November 29, 1994, Petitioner requested numerous documents from the New York City Police Department and the Kings County District Attorney's Office pursuant to New York's Freedom of Information Law ("FOIL"). (Resp. Appx. (Docket Entry # 11) Ex. H ("440 No. 2") at Ex. C.) In November 1995, the Kings County District Attorney's Office gave Petitioner 95 pages of documents relating to his investigation and prosecution. (Id. at Ex. D.) These documents included thirteen pages of "Homicide Bureau Information Sheets" ("scratch sheets"), and ten pages relating to a polygraph examination of a trial witness to whom Petitioner allegedly confessed his crime. (Id.)

On October 9, 1998, Petitioner moved pro se to vacate his judgment of conviction in state court pursuant to N.Y. Crim. Proc. Law § 440. (Resp. Aff. ¶ 16.) Petitioner claimed that his conviction should be set aside because the scratch sheets and polygraph documents contained exculpatory and impeachment evidence that should have been disclosed before trial under People v. Rosario, 9 N.Y.2d 286 (1961). (Resp. Appx. Ex. G ("440 No. 1").) Petitioner voluntarily withdrew this motion in January 1999. (Resp. Aff. ¶ 16.) In April 1999, Petitioner again filed a pro se § 440 motion to vacate his conviction, this time alleging that the prosecution's withholding of the scratch sheets and polygraph documents violated his federal due process rights under Brady v. Maryland, 373 U.S. 83 (1963) in addition to his state-law rights under Rosario. (See 440 No. 2.) Neither of Petitioner's § 440 motions claimed that Petitioner was actually innocent of the crime of conviction. The trial court denied Petitioner's second § 440 motion, and the Appellate Division denied leave to appeal in August 2001. (Resp. Aff. ¶ 19.)

In October 2002, in response to Petitioner's 1994 FOIL request, the Kings County District Attorney's Office sent Petitioner a copy of a search warrant that had been issued in 1987 in connection with his criminal case. (Id. ¶ 20.) In July 2005, Petitioner, now represented by

2

counsel, filed a third § 440 motion in state court. (Id. ¶ 21.) Petitioner alleged that the 1987 search warrant demonstrated that a key prosecution witness, Carl Davis, had been a paid informant for the NYPD, and that the prosecution's failure to provide this search warrant to the defense therefore constituted a Brady violation. (Id.; see also Resp. Appx. Ex. L ("440 No. 3").) The 2005 § 440 motion also included an "actual innocence" claim based on Petitioner's assertion that, had the warrant been turned over in a timely manner, it was "more likely than not that no reasonable juror would have found defendant guilty beyond a reasonable doubt." (Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995).) The trial court rejected the § 440 motion in March 2006, stating that there was "not a scintilla of evidence" that Davis was a paid informant. (Id.) In January 2007, Petitioner moved for leave to appeal this ruling; the Appellate Division denied him leave to appeal in April 2007. (Resp. Aff. ¶ 22.)

In May 2007, Petitioner filed the instant habeas corpus petition. He alleges that prosecutors violated his Brady rights by not disclosing the scratch sheets, polygraph documents, and search warrant prior to trial – essentially compiling the § 440 claims that Petitioner previously raised in state court. (Pet. 6-9.) In a section labeled "Timeliness of Petition," Petitioner asserts that his "constitutional claims of innocence fall[ ] within the narrow class of cases implicating a fundamental miscarriage of justice." (Id. 14.) On November 15, 2009, Petitioner moved to hold his petition in abeyance so he could exhaust his actual innocence claim in state court. (Docket Entry # 16.)

## II. DISCUSSION

A petition for a writ of habeas corpus must comply with AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d). The limitations period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(a). In this case, Petitioner's conviction became final in 1992, four years prior to AEDPA's passage. Petitioner therefore had until April 24, 1997 – one year after AEDPA's passage – to file a habeas corpus petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Petitioner did not file any collateral attack on his conviction until October 1998, and did not file this habeas petition until May 2007.

The fact that Petitioner "discovered" the purported Brady material after his conviction became final does not provide a basis to toll the statute of limitations. Petitioner acquired the scratch sheets and polygraph documents in 1995, before the statute of limitations began running. Petitioner acquired the search warrant in October 2002, but he did not bring a collateral proceeding based on that evidence until July 2005. See 28 U.S.C. § 2244(d)(1)(D) (one-year AEDPA limitations period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Petitioner's various Brady claims are therefore time-barred.

Petitioner argues that his actual innocence claim should be exempted from AEDPA's statute of limitations.[1] The Second Circuit has explicitly refused to decide "whether constitutional considerations require an actual innocence exception to the AEDPA's statute of limitations." Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003). Instead, the Circuit has directed district courts to address three threshold questions before deciding whether the constitution requires an "actual innocence" exception to the AEDPA limitations period: (1) did Petitioner pursue his actual innocence claim with reasonable diligence? (2) If Petitioner did not

---

[1] Petitioner does not set forth an actual innocence claim in his habeas petition, and as far as the court can tell, he has never stated in any court document that he did not commit the acts that gave rise to his conviction. Nonetheless, because Petitioner is pro se, and because he invokes an "actual innocence" exception to the AEDPA limitations rule in his petition and supporting memorandum of law, the court construes his petition as raising an actual innocence claim.

4

pursue the claim with reasonable diligence, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations? (3) If Petitioner did pursue the claim with reasonable diligence or if reasonable diligence is unnecessary, did Petitioner makes a credible claim of actual innocence? Id. at 225-26.

The record in this case demonstrates that Petitioner failed to pursue his actual innocence claim with reasonable diligence. Petitioner's actual innocence claim is based on the presumed prejudicial effect of the various Brady violations alleged in his petition. Petitioner asserts that if the scratch sheets, polygraph documents, and allegedly exculpatory search warrant had been turned over to the defense before trial, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. (See Pet. Mem. of Law (Docket Entry # 2) 7-10; Schlup, 513 U.S. at 327-28.) As documented above, however, Petitioner did not pursue the underlying Brady claims in a timely or diligent manner. More importantly, Plaintiff did not raise an actual innocence claim in any collateral proceeding until 2005 – three years after he discovered the search warrant, and 10 years after he discovered the scratch sheets and polygraph documents. Petitioner offers no explanation for the delay. Accordingly, he cannot demonstrate that he pursued his actual innocence claim with reasonable diligence. See Horning v. Lavan, 197 Fed. Appx. 90, 93-94 (3d Cir. 2006) (unexplained 1½-year delay between time that petitioner became aware of claim and time that petitioner filed collateral attack demonstrates lack of reasonable diligence); Esposito v. Artus, No. 05-cv-1674 (JS), 2006 U.S. Dist. LEXIS 15444, at *15 (E.D.N.Y. Apr. 3, 2006) (unexplained two-year delay between petitioner's discovery of allegedly exculpatory evidence and filing of habeas petition demonstrates lack of reasonable diligence); Castro v. Poole, No. 04-cv-6930 (NRB), 2005 U.S. Dist. LEXIS 12977, at *5

(S.D.N.Y. June 30, 2005) (nine months of unexplained inaction after a failed attempt to file a petition demonstrates lack of reasonable diligence). Petitioner is therefore barred from asserting an actual innocence claim at this late date.

## III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED as untimely, and Petitioner's motion to stay the petition (Docket Entry # 16) is DENIED as moot. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s//Nicholas G. Garaufis

Dated: Brooklyn, New York
September 2, 2010

NICHOLAS G. GARAUFIS
United States District Judge